Elco v Aguiar (2024 NY Slip Op 01796)

Elco v Aguiar

2024 NY Slip Op 01796

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-01691
 (Index No. 614414/20)

[*1]Melissa Breitenbach Elco, respondent,
v
Yvette Aguiar, et al., defendants, Richard Freeborn, appellant.

Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for appellant.
Hariri & Crispo, New York, NY (Ronald D. Hariri of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of, among other things, familial status in violation of the New York State Human Rights Law, the defendant Richard Freeborn appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated January 18, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a public safety dispatcher for the Town of Riverhead Police Department (hereinafter the Police Department), and the defendant Richard Freeborn, a patrol officer with the Police Department, entered into a relationship in 2006, and later had a child together. The plaintiff's relationship with Freeborn ended in 2009. In 2020, the plaintiff commenced this action alleging, among other things, that Freeborn had violated her rights under the New York State Human Rights Law (hereinafter the NYSHRL). Freeborn moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. The Supreme Court, among other things, denied that branch of Freeborn's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against him. Freeborn appeals.
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d 793, 794 [internal quotation marks omitted]). Where, as here, "evidentiary material is considered by the court on a motion pursuant to CPLR 3211(a)(7), the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (id. at 794-795 [internal quotation marks omitted]).
The NYSHRL prohibits employers from subjecting an individual to harassment because of, inter alia, the gender identity or expression, sex, or familial status of that individual (see Executive Law § 296[1][h]). "Such harassment is an unlawful discriminatory practice when it subjects an individual to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories" (id.). Where a plaintiff files a claim under section 296(1)(h) on or after October 11, 2019, the plaintiff need not establish that the alleged harassment "'would be considered severe or pervasive under precedent applied to harassment claims'" (Golston-Green v City of New York, 184 AD3d 24, 41 n 3, quoting Executive Law § 296[1][h]; see L 2019, ch 160, §§ 2, 16). It is also unlawful under the NYSHRL "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the NYSHRL], or to attempt to do so" (Executive Law § 296[6]). Where a plaintiff files a claim under the NYSHRL on or after August 12, 2019, the NYSHRL "shall be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of [the NYSHRL], have been so construed" (Executive Law § 300; see L 2019, ch 160, §§ 6, 16).
Here, Freeborn failed to establish that the plaintiff did not have a cause of action against him under the NYSHRL pursuant to an aiding and abetting theory of liability (see Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d at 794-795). As the plaintiff commenced this action after October 11, 2019, she was not required to establish that the alleged harassment was severe or pervasive (see Executive Law § 296[1][h]; Golston-Green v City of New York, 184 AD3d at 41). Rather, the applicable standard is whether the plaintiff has been subjected "to inferior terms, conditions or privileges of employment because" of her gender identity or expression, sex, or familial status as a single mother (Executive Law § 296[1][h]). The plaintiff has a cause of action under this more liberal standard, as her evidentiary submissions and allegations in the complaint demonstrated that her superior officers subjected her to inferior employment conditions as a result of her gender identity, sex, and familial status (see Executive Law § 300; Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d at 794-795). Furthermore, contrary to Freeborn's contention, the plaintiff sufficiently alleged that Freeborn had aided, abetted, and incited this alleged harassment (see Executive Law § 296[6]). The plaintiff alleged that the harassing conduct by her superiors was instigated by Freeborn sending her harassing text messages and contacting her superiors both about her personal relationships and to make false accusations regarding custody issues and her work performance. The plaintiff sufficiently alleged that, without Freeborn's conduct, there is no indication that her superiors would have subjected her to inferior terms of employment.
Accordingly, the Supreme Court correctly denied that branch of Freeborn's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against him.
Freeborn's remaining contention concerning the timeliness of the harassment allegations of the complaint is without merit.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court